IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BELL PARTNERS, INC., | : | CIVIL ACTION NO. |
| | : | 1:18-CV-0896-AT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDI BURNSIDE, DARRYL SMITH, and All Others, | : | |
| | : | **ORDER AND FINAL REPORT AND** |
| Defendants. | : | **RECOMMENDATION** |

Defendants Brandi Burnside and Darryl Smith, proceeding *pro se*, seek leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs or security therefor. Defendants' Application to Proceed in District Court without Prepaying Fees or Costs [1] appears to be executed only by Defendant Darryl Smith. *See* Application [1] at 1. Normally, the Court would require both Defendants to sign the affidavit in support of the Application, or require each Defendant to submit his or her own signed Application. Nevertheless, Defendants' Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED** for the limited purpose of determining whether this action has been properly removed to this Court. This action shall therefore proceed as any other civil action, and Defendants shall be allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendants' "Petition for Removal of Action with a Federal Stay of Eviction Pursuant to 28 U.S.C. 1446(D)" [1-1] ("Petition for Removal") to determine whether this Court has jurisdiction over this case. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendants' Petition for Removal does not appear to contend that the Plaintiff has asserted any federal claims in the subject state court action. It is not entirely clear, but it appears that Defendants are attempting to assert counterclaims or defenses under federal law. Defendants allege that Plaintiff's action in state court "did violate 15 USC 1692, Rule 60 of the federal Rule of Civil Procedure: and having a legal duty to abort eviction pursuant to 95.11." Petition [1-1] at ¶ 4. Defendants also allege that the Plaintiff's action "is in violation of 14th Amendment of the U.S. Constitution with respect to Due Process of law," that Plaintiff "has violated fair and safe housing acts," and that the action is "Unconstitutional with respect to the 'Due Process Clauses' 14th Amendment." *Id.* at ¶¶ 5-6. Thus, it appears that Defendants are alleging that this

2

Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendants have not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, a review of the record reveals that Plaintiff has asserted no federal claims. Instead, the Petition for Removal indicates that the action in the Magistrate Court of Fulton County is a dispossessory action to evict the Defendants as tenants for failure to pay rent. *See* Petition for Removal and attachments. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendants have not identified any federal question that the

state court dispossessory action raises. To the extent that Defendants are attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendants have not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if Defendants had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly-joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant Smith states in the Application that he is a resident of Atlanta, Georgia, and does not allege citizenship in any other state. *See* App. [1] at ¶ 13. Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, while Defendants' Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate

4

Court of Fulton County. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 2nd day of March, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE